IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CR-29-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JAMAILLE DEVON MIDGETTE, | ) | |
| | ) | |
| Defendant. | ) | |

On July 24, 2012, without a plea agreement, Jamaille Devon Midgette ("Midgette") pleaded guilty to conspiracy to distribute and possess with the intent to distribute a quantity of cocaine in violation of 21 U.S.C. § 846 ("count one") and two counts of distributing a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1) ("count two" and "count three"). See Rule 11 Tr. 1–27; [D.E. 1, 31]; [D.E. 46] 15–27. On November 2, 2012, the court held Midgette's sentencing hearing. See Sentencing Tr. [D.E. 47]. At the hearing, the court overruled Midgette's objections to the Presentence Investigation Report ("PSR") and adopted the facts set forth on the PSR. See id. 4–21; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Midgette's total offense level to be 27, his criminal history category to be II, and his advisory guideline range to be 78–97 months. See id. 21. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Midgette to 88 months' imprisonment on counts one, two, and three to run concurrently. See id. 22–30. At sentencing, the court announced an alternative variant sentence and stated that even if it had miscalculated the advisory guideline range, it would still impose an 88-month sentence. See id. 30 (referencing United States v. Savillon-Matute, 636 F.3d 119 (4th Cir. 2011)); see also United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 162–65 (4th Cir. 2012)).

Midgette appealed and argued that his sentence was procedurally unreasonable. On July 25, 2013, the United States Court of Appeals for the Fourth Circuit rejected Midgette's argument and affirmed his sentence. See United States v. Midgette, 535 F. App'x 296, 296–97 (4th Cir. 2013) (per curiam) (unpublished).

On December 18, 2014, Midgette filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 55]. Midgette's new advisory guideline range is 63–78 months' imprisonment, based on a total offense level of 25 and a criminal history category of II. See Resentencing Report [D.E. 56-1] 1. Midgette requests a 71-month sentence on counts one, two, and three to run concurrently. See [D.E. 56] 1. On August 12, 2015, Midgette filed a memorandum in support of his request [D.E. 56]. On August 20, 2015, the government responded [D.E. 58]. On August 20, 2016, Midgette filed a motion to expedite [D.E. 62].

The court has discretion to reduce Midgette's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Midgette's sentence, the court finds that Midgette engaged in serious criminal behavior. See PSR ¶¶ 5–7. Furthermore, Midgette's criminal history includes a conviction for second-degree murder. See id. ¶ 11. Nonetheless, Midgette has engaged in some positive behavior while incarcerated on his federal sentence. See [D.E. 56] 5–8.

Having reviewed the entire record and all relevant policy statements, the court finds that

2

Midgette received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that further reducing Midgette's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Midgette's serious criminal conduct and serious criminal history do not support further reducing Midgette's sentence. Thus, the court denies Midgette's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court GRANTS Midgette's motion to expedite [D.E. 58], and DENIES Midgette's motion for reduction of sentence [D.E. 55].

SO ORDERED. This **30** day of August 2016.

JAMES C. DEVER III
Chief United States District Judge

3

Case 4:12-cr-00029-D Document 66 Filed 08/30/16 Page 3 of 3